Ruth Lamar Lehman v. Commissioner.
Lehman v. Commissioner
Docket Nos. 49981, 49982, 49983.
United States Tax Court
T.C. Memo 1955-229; 1955 Tax Ct. Memo LEXIS 109; 14 T.C.M. (CCH) 928; T.C.M. (RIA) 55229; August 17, 1955
*109 Richard Kilcullen, Esq., 233 Broadway, New York, N. Y., for the petitioner. Nathan M. Silverstein, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax as follows: Docket No.
Year
Deficiency
49981
1943
$3,844.61
1944
3,705.70
1945
3,191.61
49982
1947
2,590.89
49983
1949
2,481.82
1950
2,559.18
1951
2,914.75
The petitioner filed her returns for the taxable years with the collector of internal revenue for the third district of New York. The petitioner and Robert Lehman were married in 1929 and divorced in 1934. They had no children. The petitioner was the sole support of her mother. Ruch and Robert entered into a property settlement and separation agreement on March 10, 1934. It provided that Robert would pay Ruth $20,000 annually as long as she lived and remained unmarried and would pay Ruth's mother $5,000 annually for her life "for and in behalf of" Ruth. It was decided in the case of Robert Lehman, 17 T.C. 652, that the payments of $5,000 annually to Ruth's mother were taxable to Ruth under section 22(k) and, consequently, deductible *110 by Robert under section 23(u). Ruth claims herein that those payments were not taxable to her. That is the only question for decision, and it is decided for the Commissioner upon authority of and for the reasons stated in Robert Lehman, supra.
Decisions will be entered under Rule 50.